82 F.3d 434
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Willie L. MEDLOCK, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3006.
 United States Court of Appeals, Federal Circuit.
 March 13, 1996.
 
 Before ARCHER, Chief Judge, MAYER, and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie L. Medlock appeals an initial decision of the Merit Systems Protection Board, No. SE0731950199-I-1 (June 20, 1995), affirming the decision of the Office of Personnel Management finding Medlock unsuitable for federal employment; ordering the Department of the Army to remove him from his position as a file clerk at Tripler Army Medical Center, Hawaii, effective March 1, 1995; and barring him from competing for appointments in the competitive service until January 30, 1998. This decision became final on September 7, 1995, when the full board denied his petition for review. We affirm.
 
 
 2
 We review the board's decisions under a narrow standard. We must affirm a decision of the board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 3
 Medlock for the most part takes issue with the board's factual findings, arguing that it failed to take into account that his wife and his attorney heard Flowers, his Equal Employment Opportunity counselor, tell him that he "did not have to refer to any of the adverse events that took place" during his employment with the Army on his SF-171. He also asserts that the board "would not accept" a statement from either his wife or his attorney. Finally, Medlock states that the board would accept a statement from Flowers but that she never provided one.
 
 
 4
 Medlock made these arguments before the board. For unexplained reasons, he presented no evidence to the board, either in the form of an affidavit or testimony from Flowers or from his attorney, that Flowers had told him he could exclude all negative aspects of his employment from future applications for employment. Moreover, the board found his explanation for omitting the negative information "inherently implausible." Slip Op. at 9. In making this and other findings, the administrative judge weighed all of the evidence and made the credibility determinations that are "virtually unreviewable" by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). We see no reversible error in the board's decision.